# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| ZACK RILEY )<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**NASHVILLE METRO TRANSIT** )<br>**AUTHORITY** )<br>    **Defendant.** ) | No. 3:18-cv-630<br>Chief Judge Crenshaw/Frensley |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Dismiss filed by the Defendant Metro Transit Authority ("MTA") (Docket No. 8) and supporting memorandum of law (Docket No. 9). Plaintiff has not filed a response, Defendant has filed a supplemental memorandum in support of its motion. Docket No. 14. For the reasons set forth herein, the undersigned recommends that the Motion to Dismiss be GRANTED.

## BACKGROUND

Plaintiff, Zack Riley filed this pro se Complaint against MTA asserting their failure to hire him constituted discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Docket No. 1. On September 4, 2018, MTA filed a Motion to Dismiss Plaintiff's claim for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 8. MTA's argument in support of its Motion to Dismiss is that Plaintiff has failed to plead that MTA is a covered employer under Title VII, that MTA is not an employer through which Plaintiff sought employment and, for the same reasons, MTA could not retaliate against Plaintiff for engaging in any protected activity. Docket No. 8.

On November 13, 2018, the Court entered an Order noting that the Plaintiff may have

named the wrong Defendant and allowing him until December 14, 2018, within which to file an Amended Complaint or otherwise address the issue of whether MTA is proper party. Docket No. 30. Notwithstanding the Court's Order, the Plaintiff has neither filed an Amended Complaint nor responded to the Motion to Dismiss. Defendant has filed a supplemental memorandum in support of their motion to dismiss reasserting the contentions of their initial motion that the Complaint fails to allege that MTA is a covered employer under Title VII, that Plaintiff never applied for employment with MTA and thus, cannot establish a failure to hire claim against that entity and that he is unable to show that MTA subjected him to an adverse employment action or that its conduct was connected to a protected activity.

## ANALYSIS

### A. LEGAL STANDARDS

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 550 U.S. at 557 (internal brackets omitted).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences

therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

### B. THE CASE AT BAR

While the Plaintiff does not identify what position he allegedly applied for, he does reference his possession of a commercial driver's license and medical card and thus the Court presumes he sought a position as a transit driver with the Metropolitan Nashville Transit System. See Docket No. 1.

While the Complaint names MTA and all of the allegations are specifically directed toward MTA, Davidson Transit Organization ("DTO") is responsible for the day-to-day operation of the public transit service in Davidson County. DTO is not named as a party or referenced in this lawsuit. This Court has previously held that while the two organizations have some overlap, "it is a settled fact that DTO and MTA are separate legal entities and that only DTO is involved in the day-to-day operation such as hiring, disciplining and firing employees." *Thompson v. DTO*, 2008 WL 2588060, at *7. (M. D. Tenn. June 25, 2008). There does not appear to be a case where a Plaintiff's employment claims have proceeded solely against MTA. Instead, DTO is responsible for the employment of all persons "employed in the provision of public transit services in Davidson County, Tennessee." *Johnson v. DTO*, 2008 WL 4722640, at *1 (M .D. Tenn. October 23, 2008).

The Plaintiff has not responded to MTA's motion to dismiss challenging the assertion that DTO rather than MTA is the employer. Nor has the Plaintiff taken any steps to correct or amend the complaint in this matter. While the Court is required to accept the factual allegation in the Plaintiff's Complaint as true at this stage of the proceedings, the Court is not obligated to accept the Plaintiff's legal conclusions or unwarranted factual inferences about who his employer was.

*See, Winget v. JP Morgan Chase Ba*nk, 537 F. 3d 565, 575 (6th Cir. 2008). In light of the relevant case law, and facts, the Plaintiff has not sufficiently pled that MTA was an entity covered under Title VII and therefore MTA cannot be liable for causes of action based on an employer/employee relationship, *i. e.,* the Plaintiff's Title VII for retaliation and discrimination. *Swallows v. Barnes and Noble Bookstores*, 128 F. 3d 990, 992-993 (6th Cir. 1997); *Walton v. Nova Info Systems*, 2008 WL 1751525, *17 (E. D. Tenn. April 11, 2008). For these reasons, the undersigned recommends MTA's Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

          **JEFFERY S. FRENSLEY**
          **U. S. Magistrate Judge**